**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **FARMERS PROPANE, INC.,** | ) | **CASE NO. 1:19CV2313** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **CHS, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #13) of Plaintiff Farmers Propane, Inc. to Remand for lack of diversity jurisdiction. For the following reasons, the Motion is granted. The captioned case is remanded to the Medina County Court of Common Pleas for further proceedings.

**I. BACKGROUND**

Plaintiff is an Ohio corporation engaged in propane distribution. Defendant CHS, Inc. is a Minnesota incorporated cooperative that sells propane at wholesale from various distribution terminals throughout Ohio.

According to the Medina County Common Pleas Complaint, on March 21, 2016, Defendant agreed to make monthly volumes of propane available to Plaintiff at a Lima, Ohio terminal between April 1, 2016 and March 31, 2017.

Beginning in October of 2016 and continuing until the end of the contract period, Plaintiff's tank truck drivers allegedly experienced daily six to twelve-hour delays filling their tankers at the Lima terminal. (Complaint, ECF DKT #1-1 at ¶ 4). As a result of the delays caused by Defendant, Plaintiff allegedly suffered lost hours of productivity, lost use of tank trucks, lost driver time, damage to its business operations and damage to its business reputation.

Plaintiff's prayer for relief is in an amount in excess of $25.000.00, plus costs of suit.

On October 3, 2019, Defendant removed the captioned action based upon complete diversity of citizenship between Plaintiff and Defendant and an amount in controversy exceeding $75,000.00.

On November 1, 2019, Plaintiff filed a Motion to Remand (ECF DKT #13), arguing that the parties are not diverse and that Defendant has failed to meet its burden of proving that the amount in controversy exceed $75,000.00.

## II. LAW AND ANALYSIS

**Removal and Subject Matter Jurisdiction**

28 U.S.C. § 1441 provides that "an action is removable only if it could have initially been brought in federal court." *Cole v. Great Atl. & Pacific Tea Co.*, 728 F. Supp. 1305, 1307 (E.D.Ky. 1990). Put another way, "[a] civil case that is filed in state court may be removed by the defendant to federal district court if the plaintiff could have chosen to file

there originally." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir. 2008). The burden of establishing federal jurisdiction rests upon the removing party. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). "Concern about encroaching on a state court's right to decide cases properly before it, requires this court to construe removal jurisdiction narrowly." *Cole*, 728 F. Supp. at 1307 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)). A removed case **must** be remanded if the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). In addition, "[w]here there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction." *Walsh v. Am. Airlines, Inc.*, 264 F. Supp. 514, 515 (E.D.Ky. 1967); see also *Breymann v. Pennsylvania, O. & D. R.R.*, 38 F.2d 209, 212 (6th Cir. 1930).

Federal district courts are courts of limited jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (citing *Marbury v. Madison*, 1 Cranch 137, 5 U.S. 137 (1803)). "Subject matter jurisdiction is the unwaivable *sine qua non* for exercise of the federal judicial power." *Crabtree v. Wal-Mart*, 2006 WL 897210 at *1 (E.D.Ky. Apr. 4, 2006), slip copy; *Richmond v. Int'l Bus. Machs. Corp.*, 919 F.Supp. 107 (E.D.N.Y. 1996) (citing Fed.R.Civ.P. 12(b)(1)). Want of subject matter jurisdiction may be raised at any time by the parties or by the Court on its own initiative. Fed.R.Civ.P. 12(b)(1) and 12(h)(3); *Clark v. Paul Gray, Inc.*, 306 U.S. 583 (1939). "[D]efects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the proceedings." *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (citing *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988)).

28 U.S.C. § 1332 states in pertinent part:

**(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

**(1)** citizens of different States . . .

"Generally, because the plaintiff is "master of the claim," a claim specifically less than the federal requirement should preclude removal." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000); see also, *Gafford v. General Elec. Co.*, 997 F.2d 150, 157 (6th Cir. 1993).

The rule in the Sixth Circuit is that the determination of federal jurisdiction in a diversity case is made as of the time of removal. *See Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). Furthermore, "the removing defendant must show that it is "more likely than not" that the plaintiff's claims meet the amount in controversy requirement." *Rogers, id.*; *Gafford*, 997 F.2d at 158.

In the instant matter, Defendant points out that Plaintiff describes its damages as "extensive" and "significant." Defendant also notes that in litigation between these parties in Minnesota federal court, Plaintiff's President Angela Maloof has maintained that any damages recovered against Defendant in Ohio would offset Defendant's potential $500,000 damages in Minnesota. (ECF DKT #14 at 11). In addition, Defendant insists that if on a daily basis between October 2016 and March 31, 2017, Plaintiff's truckers had to wait six to twelve hours for propane and Plaintiff suffered repeated customer losses and reputational harm, then Plaintiff's damages necessarily must exceed $75,000.00.

For its part, Plaintiff submits a Declaration of Angela Maloof dated November 22,

2019. (ECF DKT #15-1). She reiterates that Plaintiff suffered damages because of Defendant's failure to timely deliver propane; that Plaintiff's truck drivers experienced six to twelve-hour delays at the Lima terminal; and that Plaintiff lost the use of tank trucks, lost productivity and lost driver time. Plaintiff had to pay its drivers during the periods of delay and the drivers were compensated at a rate of up to $30.00 per hour. However, Ms. Maloof emphasizes that the "total additional amount paid to drivers by Farmers due to CHS' actions equals approximately $45,000.00," and "additional damages incurred by Farmers due to CHS's conduct is less than $30,000.00." (ECF DKT #15-1 at ¶¶ 8 & 9). Consequently, according to Plaintiff's calculations, the amount in controversy is less than the $75,000.00 threshold.

Mere conclusory statements in the Notice of Removal that the amount in question exceeds the jurisdictional amount is insufficient to show the jurisdictional amount has been met. See *National Nail Corp. v. Moore,* 139 F. Supp.2d 848, 849-50 (W.D. Mich. 2001). Moreover, although Defendant makes a good faith attempt, using the allegations in Plaintiff's Complaint, to approximate the damages amount, Defendant's burden of proof has not been satisfied.

Costs and interest are excluded by statute from the total amount in controversy; and Plaintiff does not seek punitive damages nor claim entitlement to attorneys' fees. The only evidence before the Court is the Declaration of Plaintiff's executive, which establishes Plaintiff's damages do not reach the monetary jurisdiction level. Unfortunately, Defendant can only reasonably speculate, but cannot provide evidence of any amount higher than, nor contrary to, Plaintiff's own acknowledged losses.

## III. CONCLUSION

Defendant points to no set of facts that permits this Court to conclude that the jurisdictional amount has been met. Defendant has failed to show that it is *more likely than not* that Plaintiff's claims meet the amount in controversy requirement. *Gafford*, 997 F.2d at 158.

Because 28 U.S.C. § 1332(a) is written in the conjunctive and mandates both completely diverse citizenship of the parties and an amount in controversy exceeding $75,000.00, the failure of one factor defeats the establishment of federal diversity jurisdiction. Therefore, it is unnecessary for the Court to analyze the parties' arguments about the citizenship of Defendant CHS, Inc.

For these reasons, the Motion (ECF DKT #13) of Plaintiff Farmers Propane, Inc. to Remand for lack of diversity jurisdiction is granted. The captioned case is remanded to the Medina County Court of Common Pleas for further proceedings.

**IT IS SO ORDERED.**

**DATE: February 24, 2020**

 s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**